Howard J. Weg (State Bar No. 91057)
*hweg@pwkllp.com*
Lorie A. Ball (State Bar No. 210703)
*lball@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile:  (310) 552-3101

Proposed Counsel for Debtor and Debtor in Possession

FILED & ENTERED

SEP 13 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier     DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GATEWAY METRO CENTER, LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession**.** | Case No:  2:11-bk-47919<br><br>Chapter 11<br><br> **AGREED ORDER AUTHORIZING AND APPROVING (A) USE OF CASH COLLATERAL,  (B) GRANT OF ADEQUATE PROTECTION TO CERTAIN SECURED CREDITORS AND (C) ADEQUATE PROTECTION PAYMENTS UNDER SECURED EQUIPMENT FINANCING AGREEMENT**<br><br>Interim Hearing:<br>Date:  September 12, 2011<br>Time:  2:00 p.m.<br>Place:  Courtroom 1668<br>           255 East Temple Street<br>           Los Angeles, CA  90012<br><br>Final Hearing:<br>Date:  October 3, 2011<br>Time:  2:00 p.m.<br>Place:  Courtroom 1668<br>           255 East Temple Street<br>           Los Angeles, CA  90012 |

1

The Emergency Motion Of Debtor For Order Authorizing And Approving (A) Use Of Cash Collateral, (B) Grant Of Adequate Protection To Certain Secured Creditors And (C) Adequate Protection Payments Under Secured Equipment Financing Agreement (the "Motion"), filed by the above-captioned debtor (the "Debtor"), came on for hearing before the Honorable Barry Russell, United States Bankruptcy Judge, on September 12, 2011, at 2:00 p.m. (the "Hearing"). Appearances were made as reflected in the Bankruptcy Court's record. Capitalized terms used herein shall have the meaning ascribed to them in the Motion, unless otherwise defined.

After consideration of the Motion and accompanying supporting papers, the arguments of counsel, the files and records in this chapter 11 case, and sufficient cause appearing;

**THE BANKRUPTCY COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1. Petition. On September 6, 2011, the Debtor filed its voluntary petition (the "Petition Date") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Jurisdiction. The Bankruptcy Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), and (M). Venue of this case and the Motion in this Bankruptcy Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Notice. Under the circumstances, the notice given by the Debtor of the Motion and this hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

4. Road Bay's Asserted Secured Interest. Road Bay Investments, LLC ("Road Bay") asserts that it is the holder of security interests, liens and mortgages in all or substantially all of the Debtor's property, including, but not limited to: (i) Gateway Metro Center and improvements thereon; (ii) all of the Debtor's rights, title and interests in all accounts, escrow funds, deposits and reserves that relate to, are derived from or are used in connection with the property of the Debtor; (iii) all of the Debtor's rights, title and interests in all machinery, equipment, fittings, furniture, furnishings, and fixtures; and (iv) all contracts, leases, documents and agreements to which the Debtor is a party. Road Bay asserts that all of the Debtor's proceeds from Road Bay's collateral are cash collateral of Road Bay within the meaning of section 363(a) of the Bankruptcy Code.

2

5.  <u>Flying Tigers, LLC Asserted Secured Interest</u>. Flying Tigers, LLC ("<u>Flying Tigers</u>", together with Road Bay, the "<u>Lenders</u>") asserts that it is the holder of security interests and liens in (i) Gateway Metro Center and the Land and improvements thereon; and (ii) rents, issues and profits thereof. Flying Tigers asserts that all of the Debtor's proceeds from Flying Tigers' collateral are cash collateral of Flying Tigers within the meaning of section 363(a) of the Bankruptcy Code. Road Bay disputes Flying Tigers' asserted security interest in Gateway Metro Center and the rents, issues and profits thereof. Road Bay further asserts that Flying Tigers is an insider of the Debtor whose asserted lien arose fewer than ninety days before the Petition Date.

6.  <u>The Debtor's Assertions</u>. The Debtor asserts that the Lenders are adequately protected based on the following: (a) as reflected in the Budget, the Debtor is profitable, cash flow is projected to increase during the Bankruptcy Case, cash collateral is used to maintain and preserve the Lenders' collateral, and therefore, there is no projected diminution in the collateral; (b) the Lenders are being provided with Replacement Liens (as defined herein), to the extent of cash collateral used, on all postpetition property of the same type and character as the property to which the Lenders' valid, perfected and unavoidable prepetition liens, if any, extended; (c) the Lenders are protected by an equity cushion; and (d) the Debtor will provide Lenders with reasonable reports and information during the pendency of the Bankruptcy Case. The Debtor further asserts that Road Bay does not hold a security interest in the Land.

7.  <u>Immediate Entry</u>. Sufficient cause exists for immediate entry of this interim order (the "<u>Order</u>") pursuant to Bankruptcy Rules 4001(c)(2). No party appearing in this case has filed or made an objection to the relief sought in the Motion and the entry of this Order, or any objections that were made are hereby overruled, or have been resolved by agreement.

Based upon the foregoing, and after due consideration and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.    AUTHORIZATION AND CONDITIONS TO USE OF CASH COLLATERAL**

A.  <u>Motion Granted</u>. Except as modified herein, the Motion is granted pursuant to Bankruptcy Rule 4001(c)(2) to the extent that the Debtor is authorized to use cash collateral through October 3, 2011 to pay actual expenses in accordance with Exhibit "A" attached hereto (the "<u>Budget</u>"). On a monthly basis, the expenses of the Debtor shall not exceed 15% per line item, and 15% in the aggregate, absent

the written consent of the Lenders, which consent shall not be unreasonably withheld, conditioned or delayed. This Order shall control the operations of the Debtor until entry of a subsequent order. This Order does not authorize the Debtor to pay any prepetition obligations. The Budget does not provide for any payments to "insiders" as such term is defined by section 101(31) of the Bankruptcy Code prior to October 3, 2011. The Debtor shall have the right to seek further authority to use cash collateral on an expedited basis from the Bankruptcy Court.

B.    <u>Leasing Commissions/Tenant Improvements</u>.  In addition to the expenses set forth in the Budget, in the event that the Debtor procures new tenants for Gateway Metro Center, Lenders agree that the Debtor shall be allowed to pay leasing commissions and/or tenant improvement costs up to $10,000 per month in the aggregate. Leasing commissions shall not exceed six (6%) of the total gross rental income under each new lease and shall comply with all requirements for leases under the Deed of Trust, Assignment of Leases, Rent And Contracts, Security Agreement And Fixture Filing between the Debtor and Allstate Life Insurance Company[1] dated October 3, 2006. To the extent that any new lease is for greater than 10,000 square feet, Debtor shall provide Lenders with a copy of the proposed lease at least seventy-two (72) hours prior to executing and entering into the lease.

C.    <u>Reporting Requirements</u>.  No later than September 19, 2011, the Debtor shall provide to Road Bay (i) a current rent roll; (ii) copies of all current leases, (iii) the most recent income statement available, (iv) the most recent bank statements available, and (v) a copy of the income statement for the year ended December 31, 2010.

In addition, the Debtor shall provide the Lenders a written accounting of all expenses and receipts on a monthly basis. Such accounting shall be provided no later than five (5) business days following the relevant month. For example, no later than October 7, 2011, the Debtor shall provide an accounting for the month of September.

During the term of this Order, the Debtor shall provide to the Lenders, (1) the reports and information specified in the prepetition agreements between the parties at the times such reports and information are required to be provided; (2) copies of all public information; (3) all documents

---

[1] Road Bay is successor in interest to Allstate Life Insurance Company pursuant to that certain Assignment of Security and Mortgage Agreement dated June 30, 2011 and recorded on July 14, 2011 as document number 20110944579 in the Recorders Office of Los Angeles County, California.

4

submitted to the U.S Trustee; and (4) such other information and documents as the Lenders may reasonably request.

Road Bay shall keep all such information and documents confidential and shall not disclose, disseminate or share the information except to its lawyers, appraisers, financial advisors or expert witnesses or the employees, lawyers, appraisers, financial advisors, or expert witnesses of Allstate Life Insurance Company. Such information and documents shall not be disclosed or disseminated to or shared with any other persons or entities, and under no circumstances shall such information or documents be provided to any sales, note or leasing brokers, except to the extent that such information is public information.

## II.    POSTPETITION LIEN; ADEQUATE PROTECTION

A.    <u>Postpetition Lien of the Lenders</u>. As adequate protection for any diminution in the value of the Lenders' interest in collateral caused by the Debtor's use of cash collateral, the Lenders are hereby granted valid, perfected, and enforceable replacement security interests in and liens and mortgages (the "<u>Replacement Liens</u>") upon all categories of property of the Debtor and its estate, whether now existing or hereafter acquired or arising, upon which the Lenders held valid, perfected and enforceable prepetition liens, security interests and mortgages, and all proceeds, rents, issues, products or profits thereof, including, without limitation, the collateral owned by the Debtor as of the Petition Date (collectively, the "<u>Postpetition Collateral</u>"). The Replacement Liens shall at all times be senior to the rights of the Debtor and any successor trustees in this or any subsequent proceedings under the Bankruptcy Code to the extent the Lenders' prepetition security interests, liens and mortgages are senior to the rights of the Debtor. The Replacement Liens herein granted (i) are and shall be in addition to all security interests, liens, mortgages and rights to set off, if any, existing in favor of the Lenders on the Petition Date; (ii) in the same priority as prepetition to the extent that prepetition liens, security interests and mortgages are valid, perfected, enforceable and nonavoidable; and (iii) are and shall be valid, perfected, enforceable and effective as of the Petition Date without any further action by the Debtor or the Lenders and without the execution, filing or recordation of any financing statements, security agreements, mortgages or other documents.

Nothing in this Order shall limit the Lenders' rights to assert postpetition liens under section 552 of the Bankruptcy Code. The Lenders shall not be afforded a lien in any Chapter 5 causes of action. To

the extent that the Replacement Liens are insufficient to adequately protect any interest of the Lenders, the Lenders are hereby granted a superpriority administrative expense claim and all of the benefits and protections allowable under section 507(b) of the Bankruptcy Code. To the extent that any applicable non-bankruptcy law otherwise would restrict the granting, scope, enforceability, attachment or perfection of the Replacement Liens, or otherwise would impose filing or registration requirements with respect to the Replacement Liens, such law is hereby preempted to the maximum extent permitted by the Bankruptcy Code, other applicable federal law, and the judicial power of the Bankruptcy Court.

  B. <u>Postpetition Lien Perfection</u>. This Order shall be sufficient and conclusive evidence of the priority, perfection and validity of the liens granted herein, effective as of the date and time of entry of this Order, without any further act and without regard to any other federal, state or local requirements or law requiring notice, filing, registration, recording or possession of the collateral or other act to validate or perfect such security interest or lien. If the Lenders hereafter request that the Debtor execute and deliver to the Lenders financing statements, mortgages or other instruments or documents considered by the Lenders to be necessary or desirable to further evidence the perfection of the Replacement Liens and security interests granted in this Order, the Debtor is authorized and directed to execute and deliver those financing statements, instruments and documents. Nothing in this Order shall in any way restrict the scope of the Lenders' prepetition liens, security interests, mortgages, rights of set-off or claims with respect to its collateral, and all liens, security interests, and mortgages on the Lenders' collateral shall extend to the fullest extent permitted by, and subject to, section 552(b) of the Bankruptcy Code.

  C. <u>Lien On Postpetition Collateral Subordinated to Trustee's Fees</u>. The liens on the Postpetition Collateral are subordinated to fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6).

  D. <u>Challenge to Prepetition Liens</u>. All parties in interest shall have ninety days from the date this Order is entered to challenge the perfection of Lenders' prepetition liens in prepetition collateral, except that any official committee appointed by the U.S. Trustee shall have ninety days to challenge the perfection of such liens from the date of their formation. Upon the expiration of such ninety days, the Lenders' prepetition liens in the collateral shall not be subject to challenge for lack of perfection by the Debtor or any other party in interest. Notwithstanding the foregoing, to the extent

Road Bay asserts a secured interest in the Land, the foregoing time limits shall not apply to challenging the perfection of any prepetition liens asserted by Road Bay in the Land.

    E.    <u>No Administrative Expenses To Be Charged Against Postpetition Collateral Without An Order</u>.  No costs or expenses shall be surcharged against the Postpetition Collateral under section 506(c) of the Bankruptcy Code without an order of the Bankruptcy Court after notice to the Lenders and an actual hearing.  Nothing contained in the Order or otherwise, and no action or inaction of the Lenders shall be deemed to be a consent by the Lenders to any charge, lien, assessment or claim against the Postpetition Collateral under section 506(c) of the Bankruptcy Code or otherwise.

    F.    <u>No Finding of Adequate Protection</u>.  Nothing contained in this Order shall be deemed a finding with respect to the adequate protection (as that term is defined in section 361 of the Bankruptcy Code) of the interest of the Lenders other than the adequate protection set forth in section II.A. above.  Without limiting the foregoing in any respect, the Lenders may, at any time, request the Bankruptcy Court increase the payments to or other protections for the benefit of the Lenders as a condition to the continued use by the Debtor of the cash collateral.  Moreover, nothing herein shall prejudice the Lenders' rights to seek relief from the automatic stay or as a dismissal of the Debtor's bankruptcy case.  Nothing in this Order shall limit the Debtor's right, at any time, to assert that the Lenders are adequately protected or to oppose relief from the automatic stay.

    G.    <u>Maintenance of Property</u>.  The Debtor shall use its best efforts, to the extent funds are available, to maintain and keep the property and all other property constituting the collateral in good repair and condition, make all necessary replacements thereof, operate the property safely, efficiently, and in compliance with all applicable laws, codes and ordinances, and not commit any waste in connection with any collateral or operation of the property.

    H.    <u>Payments to M-Theory</u>.  The Debtor is authorized to pay adequate protection payments to M-Theory in the amount of $117 per month in accordance with the Budget.

    I.    <u>Road Bay's Reservation of Rights</u>.  Notwithstanding anything to the contrary in this Order: (i) entry of this Order is without prejudice to any and all rights, remedies and claims that the Lenders may have against the Debtor or third parties, and does not bar or limit the Lenders from seeking further or additional relief, including without limitation, seeking additional adequate

protection and seeking to terminate or modify the automatic stay; and (ii) no act committed or action taken by the Lenders under this Order shall be used, construed or deemed to hold Lenders to be in control of the Debtor, or the governance, management or operations of the Debtor's business for any purpose. Lenders shall not be held as a "responsible person" or "owner or operator" or a person in "control" with respect to the governance, management or operation of the Debtor's business (as such terms, or any similar terms, are used in the Internal Revenue Code, Comprehensive Environmental Response, Compensation and Liability Act, Bankruptcy Code, each as may be amended from time to time, or any other federal or state statute at law, in equity, or otherwise) by virtue of the interests, rights and remedies granted to or conferred upon the Lenders under this Order, including, without limitation, such rights and remedies as may be exercisable by the Lenders in connection with this Order.

J.  Debtor's Reservation of Rights.  Notwithstanding anything to the contrary in this Order, entry of this Order is without prejudice to any and all rights, remedies and claims that Debtor may have against Lenders or third parties, and does not bar or limit the Debtor from seeking further or additional relief, except as provided in section II. D above.

K.  Defaults Under the Order.  Unless specifically waived in writing by the Lenders (which waiver shall not be implied from any action, inaction, course of conduct or acquiescence by the Lenders), the Debtor's right and authority to use cash collateral shall immediately terminate upon the occurrence of any of the following (each, a "Default"):  (i) five (5) business days following delivery of a notice (either written or via email) of a breach by the Debtor of any obligation under this Order which breach remains uncured or otherwise continues to exist at the end of such five day notice period;  (ii) conversion of the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (iii) the entry of any order, other than a subsequent interim or final cash collateral order or any other order authorizing the use of cash collateral, modifying, reversing, revoking, staying, rescinding, vacating or amending this Order without the express prior written consent of the Lenders (and no such consent shall be implied from any action, inaction, course of conduct or acquiescence by the Lenders) (iv) the lifting of the automatic stay for any party other than the Lenders and/or any party foreclosing or otherwise seeking to enforce any lien or other right such other party may have in and to any

property of the Debtor's estate upon which the Lenders hold or assert a lien or security interest; and (v) termination or expiration of this Order, unless a subsequent cash collateral order has been entered by the Bankruptcy Court.

### III.    FINAL HEARING

**A.**    <u>Final Hearing and Response Dates</u>.  The Final Hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for October 3, 2011 at 2:00 p.m. before this Bankruptcy Court. Upon entry by the Bankruptcy Court, the Debtor shall promptly mail copies of this Order to the Lenders, any other secured creditor of the Debtor, the U.S. Trustee, the twenty largest unsecured creditors of the Debtor, and any party requesting notice.  On or before September 27, 2011, the Debtor and the Lenders shall file a joint statement setting forth any outstanding issues with respect to the entry of a final order. Any other party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon (a) counsel for Debtor – Peitzman, Weg & Kempinsky LLP, 2029 Century Park East, Suite 3100, Los Angeles, California 90067, Attn: Howard J. Weg, Esq. and Lorie A. Ball, Esq., (b) counsel for Road Bay – Akin Gump Strauss Hauer & Feld LLP, 2029 Century Park East, Suite 2400, Los Angeles, California 90067, Attn: Christina M. Padien, Esq., (c) Flying Tigers – 3452 E. Foothill Blvd., Suite 1170A, Pasadena, CA 91107, Attn: Betty W. Ma, and (d) the Office of the U.S. Trustee for the Central District of California, and shall be filed with the Clerk of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, to allow service of the foregoing no later than five business days prior to the Final Hearing.

///
///
///

DATED: September 13, 2011

_____
United States Bankruptcy Judge

# EXHIBIT A

**Schedule Of Prospective Cash Flow from 9/6/11 through 10/3/11**

| For the Week Ending Date | 9/9/11 | 9/16/11 | 9/23/11 | 9/30/11 | Month 9 Sep-2011 |
|---|---|---|---|---|---|
| **Revenue** | | | | | |
| Total Base Rental Revenue | 148,109 | - | - | 11,363 | 159,472 |
| Total Reimbursement Revenue | 898 | - | - | - | 898 |
| Miscellaneous Revenue | | | | | |
| Parking & Other Income | 15,683 | 125 | 125 | 125 | 16,058 |
| Tax Escrow Contribution | - | - | - | - | - |
| Total Miscellaneous Revenue | 15,683 | 125 | 125 | 125 | 16,058 |
| Total Revenue | 164,690 | 125 | 125 | 11,488 | 176,428 |
| **Operating Expenses** | | | | | |
| Janitorial/Repairs&Maint./Landscape | 841 | 1,650 | 8,584 | 3,845 | 14,920 |
| Electrical/Plumbing/Elevator | 5,638 | - | - | - | 5,638 |
| HVAC | 3,801 | - | - | - | 3,801 |
| Architectural | - | 200 | - | - | 200 |
| Utilities | 3,491 | 683 | - | - | 4,174 |
| Fire Protection | - | - | 2,850 | - | 2,850 |
| Marketing | - | - | - | 250 | 250 |
| Computer Equipment Loan | 117 | - | - | - | 117 |
| Property Management | - | 500 | - | 8,990 | 9,490 |
| Property Taxes | - | - | - | - | - |
| Insurance | - | - | - | - | - |
| Parking | 100 | - | - | - | 100 |
| PSGII Admin Fee | - | - | - | - | - |
| Expense Reimbursement | - | - | - | - | - |
| Total Operating Expenses | 13,988 | 3,033 | 11,434 | 13,085 | 41,540 |
| Net Operating Income | 150,702 | (2,908) | (11,309) | (1,597) | 134,888 |
| **Leasing & Capital Costs** | | | | | |
| Tenant Improvements | - | - | - | - | - |
| Leasing Commissions | - | - | - | - | - |
| Deposit/Electricity | - | - | - | - | |
| General Capital Expenditures | - | - | - | 1,517 | 1,517 |
| Security Deposits Received | - | - | - | - | - |
| Security Deposits Refunded | - | - | - | - | - |
| Total Leasing & Capital Costs | - | - | - | 1,517 | 1,517 |
| **Non-Operating Expenses** | | | | | |
| U.S.Trustee | - | - | - | - | - |
| Total Other Non-Operating Expense | - | - | - | - | - |
| **NET CASH FLOW** | 150,702 | (2,908) | (11,309) | (3,114) | 133,371 |
| **BEGINNING CASH** | 293,135 | 443,837 | 440,929 | 429,620 | 293,135 |
| **ENDING CASH** | 443,837 | 440,929 | 429,620 | 426,506 | 426,506 |
| **Est. Accrued & Unpaid Prof. Fees** | | | | | |
| Professional Fees | | | | | |
| Legal - PWK | 10,000 | 10,000 | 10,000 | 10,000 | 40,000 |
| Legal - Real Estate | 500 | 500 | 500 | 500 | 2,000 |
| Financial Advisor | 7,500 | 7,500 | 7,500 | 7,500 | 30,000 |
| Accounting | - | - | - | - | - |
| Total Est. Accrued&Unpaid Prof. Fees | 18,000 | 18,000 | 18,000 | 18,000 | 72,000 |

Submitted by:

Peitzman, Weg & Kempinsky LLP

    /s/ Lorie A. Ball
Lorie A. Ball

Proposed Attorneys for Debtor and Debtor-in-Possession

The Debtor certifies that this Agreed Order Authorizing And Approving (A) Use Of Cash Collateral, (B) Grant Of Adequate Protection To Certain Secured Creditors And (C) Adequate Protection Payments Under Secured Equipment Financing Agreement was circulated to, and approved as to form and content by, counsel to Road Bay.

# # # END OF ORDER # # #

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as **Agreed Order Authorizing and Approving (A) Use of Cash Collateral, (B) Grant of Adequate Protection to Certain Secured Creditors and (C) Adequate Protection Payments Under Secured Equipment Financing Agreement** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **September 13, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Served by U.S. Mail:**
Hon. Barry Russell
United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

**Served by U.S. Mail:**
United States Trustee (LA)
Attn Alvin Mar
Attn Ron Maroko
725 S Figueroa St Ste 2600
Los Angeles, CA 90017

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 13, 2011 | Susan C. Vasquez | /s/ Susan C. Vasquez |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.

**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **Agreed Order Authorizing and Approving (A) Use of Cash Collateral, (B) Grant of Adequate Protection to Certain Secured Creditors and (C) Adequate Protection Payments Under Secured Equipment Financing Agreement** was entered on the date indicated as  Entered   on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **September 13, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Lorie A Ball    lball@pwkllp.com
- Alvin Mar    alvin.mar@usdoj.gov
- Ron Maroko    ron.maroko@usdoj.gov
- Christina M Padien    cpadien@akingump.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an  Entered  stamp, the party lodging the judgment or order will serve a complete copy bearing an  Entered  stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9021-1.1.NOTICE.ENTERED.ORDER**

## Additional Service Information (All by U.S. Mail):

### Secured Creditors

| | | |
|---|---|---|
| Flying Tigers<br>c/o Pacific Starr Group<br>Attn John Pipia<br>Attn Betty Ma<br>3452 East Foothill Boulevard<br>Suite 1170A<br>Pasadena, CA  91107 | M-Theory<br>Attn John Myint<br>1820 Industrial Street, Suite 270<br>Los Angeles, CA  90021 | **Counsel for Road Bay Investments, LLC**<br>Christina M. Padien<br>Akin Gump Strauss Hauer& Feld LLP<br>2029 Century Park East Suite 2400<br>Los Angeles, CA 90067 |

### Unsecured Creditors

| | | |
|---|---|---|
| AT&T<br>Attn Rosemary Slouka<br>12900 Park Plaza Drive<br>Cerritos, CA  90703 | Amtech Elevator<br>Attn Steve Park<br>3041 Roswell Street<br>Los Angeles, CA 90065 | City of Pasadena<br>Pasadena Power<br>Attn Patty<br>P.O.Box 7120<br>Pasadena, CA 91109 |
| City of Pasadena<br>Pasadena Water<br>Attn Patty<br>P.O.Box 7120<br>Pasadena, CA 91109 | Creative Energy Design<br>Attn Jon Van Gaasbeek<br>241 East Colorado Blvd., Suite 203<br>Pasadena, CA 91101 | Downtown Locksmiths<br>Attn Deke Medley<br>2467 E. 57th Street<br>Los Angeles, CA  90058 |
| EJR Door Division<br>Attn Eddie Reyes<br>8116 Byron Road, Unit A<br>Whittier, CA  90606 | Environmental Control<br>Attn Duane Romo<br>Attn Bill Sanders<br>570 W. Lambert Road, #A<br>Brea, CA 92821 | Fanta-Z Holdings, LLC<br>Attn Brett Kelly<br>3488 Barhite Street<br>Pasadena, CA 91107 |
| Help-U-Sell Vantage Realty<br>Attn Steven Fan<br>18217 Gale Ave., Suite A<br>City of Industry, CA 91748 | Modern Parking<br>Attn Javier Pulido<br>1200 Wilshire Blvd., Suite 300<br>Los Angeles, CA 90017 | SP Plus Security Services<br>Attn Teressa DeNike<br>1055 W. 7th Street, #1500<br>Los Angeles, CA 90017 |
| Sedgwick Claims Management<br>Attn Linda Lagesse<br>110 Ridgeway Loop Road, Suite #200<br>Memphis, TN 38120 | Setpoint Systems<br>Attn Laura Jelin<br>1360 Reynolds Ave., Suite 105<br>Irvine, CA  92614 | Site Stuff, Inc.<br>Attn Thomas Grounds<br>P.O. Box 671033<br>Dallas, TX  75267 |
| The Gas Company<br>P.O. Box C<br>Monterey Park, CA  91756 | United Imaging<br>Attn Eric Tripp<br>21201 Oxnard Street<br>Woodland Hills, CA  91367 | Z-Products Inc.<br>Attn Steve Miles<br>14532 Calvert Street<br>Van Nuys, CA  91411 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9021-1.1.NOTICE.ENTERED.ORDER**